BLANCHE, Judge.
Plaintiff, Builders Center, Inc., brought suit on a promissory note dated July 8, 1969, in the amount of $4,869.08 with interest thereon at eight percent from August 1, 1969, its date of maturity, together with ten percent of both principal and interest as attorney’s fees and for all costs. The defendant, Evangeline Development Corporation, acknowledged execution of the note but expressly pled a failure of consideration, claiming that the note sued on had been given for a previous note which had not been returned to it and that as to the original note there was a total lack of consideration in that it was based upon a purely gratuitous promise and thus could not serve as the basis of an enforceable promissory note. After trial on the merits, judgment was rendered in favor of plaintiff and against the defendant as prayed for. From said judgment the defendant has perfected this appeal.
We are unaware of any legal principle to the effect that a renewal note is unenforceable for failure of consideration unless the original note is actually returned to the maker. Plaintiff has judicially declared that he has no intention to enforce collection of the original note, and we deem its failure to return the same to be of no legal significance. The evidence shows that plaintiff accepted the new note which had been prepared by the defendant in settle *599 ment of the balance due on the prior note and advised the defendant that it could not return the prior note as it had been misplaced or lost, in which explanation the defendant evidently acquiesced at the time the new note was delivered to plaintiff.
We next consider defendant’s contention that the original note was unenforceable for a lack of consideration. The trial judge in his Reasons for Judgment found:
“. . . The defendant readily admits that he signed the note because he felt like he was under a moral obligation to compensate the plaintiff for carrying his account as long as he had carried it. In January of 1969 the balance, according to defendant’s books, was in excess of $53,-000. Defendant testified that at times it ran as high as $90,000. Defendant defends on the ground that he was not legally obligated to pay interest on the account because he had never paid interest on the account previously, that he had maintained an account with plaintiff over a period of many years and at no time had he ever paid any interest at all. In this case we were dealing with a builder who had several residences under construction, the materials of which came from Builders Center, and it would have been very easy for Builders Center in order to protect its security under its account to lien the jobs or do other things in order to protect its security. But the plaintiff and the defendant had been on a very good business relationship for years and plaintiff was somewhat hesitant to take that kind of drastic action, so he got together with the defendant and they came to an agreement and Mr. Bardwell said that he thought that $4500 was a reasonable figure. It was not a reasonable figure just to compensate plaintiff for carrying the account. As far as the court is concerned it is logical and no other conclusion can be reached at all but that the $4500 was given as forbearance on the account to keep further drastic action from being taken against defendant which could result in terrible consequences for defendant’s building business. I think that was more than adequate consideration for the note. The jurisprudence is replete with cases that say that forbearance is consideration for a note, and that is what the consideration for this particular note was. . . . ” (Reasons for Judgment, Record, pp. 14 and 15)
The defendant concedes that forbearance can serve as consideration for a note but argues that the evidence does not support a finding that plaintiff gave up its right to proceed against the defendant in return for the note. Mr. Sidney E. Coxe, vice-president of plaintiff corporation, testified that when defendant was getting close to the end of its building activities, the officers of the corporation had to make up their minds whether they were going to put liens on the job or go along with Mr. Stanford O. Bardwell, president of the defendant corporation, in the matter. He further testified that he was under a lot of pressure to bring a lawsuit against Mr. Bardwell for the payment of the account and had on file many letters written by Mr. Bardwell telling him what he was going to do about the account but that nothing ever materialized.
However, defendant seizes on other testimony by Mr. Coxe to indicate that forbearance was not a consideration. On cross-examination Mr. Coxe testified that lien rights had expired many months prior to the time the note was executed, and the note was not signed under the actual threat of having suit filed. Again, there is testimony from this witness that the figure of $4,500, the amount of the original note, was reached for the purpose of remunerating Builders Center for the. excessive time it had been carrying the debt of defendant corporation. Notwithstanding the foregoing testimony, which at first blush seems inconsistent with the trial judge’s finding of forbearance, a reading of Mr. Coxe’s testimony and a consideration of the evidence of defendant’s delinquency convinces us that the note arose out of the pressure applied to the defendant *600 for payment rather than out of some moral duty that he felt he owed the plaintiff.
We find no error in the factual findings of the trial judge and, accordingly, affirm the judgment appealed from, at the cost of defendant-appellant.
Affirmed.